UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Thomas A. Fletcher, Deceased;
and Carolyn E. Fletcher,

              Plaintiffs,

vs.                      REPORT AND RECOMMENDATION

Vance Lancaster; JoAnn
Lancaster; Terry Anderson;
and Jo Net Anderson,

              Defendants.    Civil No. 09-1430 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of Plaintiff Carolyn E. Fletcher ["Fletcher"] for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed for lack of subject matter jurisdiction.

## II. Factual and Procedural Background

The Plaintiffs' Complaint only consists of two (2) pages. The first page merely identifies the Plaintiffs as Thomas A. Fletcher, Deceased, and Fletcher, and the Defendants as Vance and JoAnn Lancaster, of Brownsville, Texas, and Terry and JoNet Anderson, of Black Duck, Minnesota. See, Complaint, Docket No. 1, at 1. The second page of the Complaint consists of three (3) numbered paragraphs, which read, verbatim, as follows:

> 3. We have a legal claim. For foreclosure Vance Lancaster shut off the water and the sheriff's police were there. They were in the lodge until we left. It was about 8 hours. They were laughing and joking with the sheriff's police until we were gone.
>
> 4. My son was there. Thomas A. Fletcher Jr. and Tony Napieraski and Eugene Napieraski. They helped us until we moved.
>
> 5. If there is any money, stocks or bonds left from the court. My son and I would appreciate it for he is out of a job and so Im [sic] I. I think is [sic] is unusual cruel [sic] for punishment that I and my husband are put out because of the $10,000.00 owed on the payment! There was a phone call to Hazelton and he said there was nothing they would [sic] about it.

Id. at 2.

It appears from the Complaint that the Plaintiffs owned property, which was foreclosed by the Defendants. In addition, Fletcher apparently believes that the foreclosure of the property, when combined with the liquidation of other assets on which the Defendants held lien interests, may produce a surplus, i.e., that the proceeds from the foreclosure sale may exceed the amount of the secured debt owed by the Plaintiffs.

The phrase "unusual cruel for punishment," see, <u>Complaint</u>, supra at ¶5, suggests that the Plaintiffs believe that the Defendants engaged in wrongdoing. However, the Complaint does not explain what type of wrongdoing, if any, the Defendants may have committed. The Complaint also does not explain what, if any, damages the Defendants caused to the Plaintiffs, or what, if any, relief the Plaintiffs are seeking to obtain. More importantly, the Complaint does not identify the jurisdictional basis, or bases, upon which this Court can proceed.

III. <u>Discussion</u>

As a Federal Court, we have limited jurisdiction, and may only hear matters which properly fall within our jurisdictional limits. See, <u>Marine Equipment Management Co. v. United States</u>, 4 F.3d 643, 646 (8th Cir. 1993)("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article

III of the Constitution and the statutes enacted by Congress pursuant thereto."), citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), citing, in turn, Marbury v. Madison, 5 U.S. [1 Cranch] 137 (1803). As a consequence, we have a primordial duty, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. See, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n. 3 (8th Cir. 1992).

Accordingly, Rule 12(h)(3), Federal Rules of Civil Procedure, requires that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991), quoting Kornholm v. Federal Deposit Ins. Corp., 915 F.2d 1171, 1174 (8th Cir. 1990), citing, in turn, Barclay Square Properties v. Midwest Federal Sav. and Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).

Here, we find that Federal subject matter jurisdiction does not exist under either of the two (2) statutes that define the jurisdiction of the Federal Courts -- namely: 1) the Federal Question Statute, see, Title 28 U.S.C. §1331; and 2) the Diversity of

Citizenship Statute, see, Title 28 U.S.C. §1332. There is no jurisdiction under the Federal Question Statute, because the Complaint does not include any claim that is predicated upon a Federal substantive law. If the Complaint states any cognizable claim at all, it could only be a claim for surplus proceeds from a mortgage foreclosure which, absent some other showing, would be a State law claim. The Complaint makes no reference to any Federal statutes, and it alleges no claim "arising under the Constitution, laws or treaties of the United States," which would establish subject matter jurisdiction under Section 1331. See, QwestDex, Inc. v. Hearthside Restaurant, Inc., 376 F. Supp.2d 931, 933 (D. Minn. 2005)("The 'well-pleaded complaint rule' provides that federal jurisdiction pursuant to section 1331 exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."), citing Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998), citing, in turn, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).[1]

---

[1]We are mindful of the Plaintiffs use of he phrase "unusual cruel for punishment," which bears some resemblance to the phrase "cruel and unusual punishment," that appears in the Eighth Amendment to the Constitution. The Eighth Amendment prohibits the Government from imposing a cruel and unusual punishment upon those persons who have been convicted of criminal offenses. However, the Plaintiffs have failed to disclose any conviction for a crime, as to which the named Defendants could impose a punishment, much less that the named Defendants are governmental agents or employees who are subject to the Eighth Amendment.
(continued...)

Moreover, the Complaint, on its face, plainly indicates that Fletcher, and two (2) of the named Defendants -- the Andersons -- reside in the State of Minnesota. See, Complaint, supra at p. 1. Given that representation, the Court's subject matter jurisdiction cannot be predicated upon Section 1332, because there is incomplete diversity of citizenship between the Plaintiff, and all of the Defendants. See, Capitol Indemnity Corp., Inc. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004) ("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is a complete diversity of citizenship."), citing Title 28 U.S.C. §1332(a). "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Id., citing Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978). Furthermore, given the absence of any allegation that the Plaintiffs have sustained any resultant damage, owing to the Defendants' alleged acts, we have no suggestion that their potential claim, whatever it might be, exceeds the statutory threshold of $75,000.00. Thus, we conclude that subject matter jurisdiction cannot exist under the Diversity of Citizenship Statute.

---

¹(...continued)
Therefore, the Plaintiffs have failed to plead an actionable Eighth Amendment claim, and accordingly, we find no basis to assert jurisdiction on that ground.

In sum, since subject matter jurisdiction has not been established, we recommend that the Plaintiffs' Complaint be summarily dismissed pursuant to Rule 12(h), Federal Rules of Civil Procedure, and we further recommend that the Plaintiff's IFP Application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiffs' Complaint be summarily dismissed, but without prejudice, for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure.

2. That the Plaintiffs' Application to proceed in forma pauperis [Docket No. 2] be denied as moot.

Dated: July 2, 2009          *s/Raymond L. Erickson*
                             Raymond L. Erickson
                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than July 17, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **July 17, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.